IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JULIO E. LOZA,<br>   *Plaintiff*,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITOL 1 INC. TRUST 2005-HE7, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-HE7; SELECT PORTFOLIO SERVICING, INC.; POWER DEFAULT SERVICES, INC.,<br>   *Defendants*. | § § § § § § § § § § § § § § § § § §  Case No. 7:17-cv-430 |

### DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S PETITION FOR DAMAGES AND DECLARATORY RELIEF; APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION

Defendants Select Portfolio Servicing, Inc. ("SPS") and Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capitol 1 Inc. Trust 2005-HE7, Mortgage Pass-Through Certificates, Series 2005-HE7 ("Trustee Bank") (SPS and Trustee Bank are collectively "Defendants") file this First Amended Answer ("Answer") to Plaintiff's Petition for Damages and Declaratory Relief; Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction [Doc. 1-5] (the "Complaint") and would show the Court the following:

  1.  Upon information and belief, Defendants admit the allegations in paragraph 1.

  2.  The allegations in paragraph 2 do not require a response because Trustee Bank has appeared in this lawsuit and does not contest in personam jurisdiction.

  3.  The allegations in paragraph 3 do not require a response because SPS has appeared in this lawsuit and does not contest in personam jurisdiction.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. The allegations in paragraph 5 are inapplicable and of no effect, because this lawsuit is now proceeding in federal court. Defendants do not contest this Court's jurisdiction.

6. The allegations in paragraph 6 are inapplicable and of no effect, because this lawsuit is now proceeding in federal court. Defendants do not contest this Court's jurisdiction.

7. The allegations in paragraph 7 are inapplicable and of no effect, because this lawsuit is now proceeding in federal court. Defendants do not contest venue.

8. With respect to the allegations in the first sentence of paragraph 8, Defendants admit only that the Note attached as Exhibit A and Deed of Trust attached as Exhibit B speak for themselves and otherwise deny the allegations. With respect to the allegations in the second sentence of paragraph 8, Defendants admit only that the Property includes a single-family dwelling.

9. Defendants deny the allegations in paragraph 9.

10. With respect to the allegations in paragraph 10, Defendants admit only that the Note is attached as Exhibit A, that it speaks for itself, and that it is referred to as the Note in the Complaint.

11. With respect to the allegations of paragraph 11 of the Complaint, Defendants admit only that the Deed of Trust is attached as Exhibit B, that it speaks for itself, and that it is referred to as the Security Instrument in the Complaint.

12. With respect to the allegations in the first sentence in paragraph 12 of the Complaint, Defendants admit that the Notice of Acceleration attached as Exhibit C speaks for

itself and was sent to Plaintiff via First Class U.S. Mail and Certified Mail, Return Receipt Requested. Defendants deny the allegations in the second sentence of paragraph 12.

13. With respect to the allegations in paragraph 13, Defendants admit only that the Assignment is attached as Exhibit D, that it speaks for itself, and that it is referred to as the Assignment in the Complaint.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. To the extent a response is required, Defendants deny the allegations.

15. Defendants deny the allegations in paragraph 15.

16. Defendants deny the allegations in paragraph 16.

17. Defendants deny the allegations in paragraph 17.

18. With respect to the allegations in paragraph 18, Defendants admit only that Plaintiff seeks such relief, but deny Plaintiff is entitled to any such or other relief.

19. Defendants deny the allegations in paragraph 19.

20. Defendants deny the allegations in paragraph 20.

21. Defendant deny the allegations in paragraph 21, including each of its subparts.

22. With respect to the allegations in paragraph 22, Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's willingness to post a bond. With respect to the remaining allegations in paragraph 22, Defendants admit only that Plaintiff requests the Court to set such bond, and deny Plaintiff is entitled to injunctive relief or any other relief.

23. Defendants deny the allegations in paragraph 23.

24. With respect to the allegations in paragraph 24, Defendants admit only that Plaintiff seeks such relief, but deny Plaintiff is entitled to such or any other relief.

25. Defendants deny the allegations in paragraph 25.

26. With respect to the allegations in paragraph 26, Defendants admit only that Plaintiff seeks such relief, but deny Plaintiff is entitled to such or any other relief.

27. With respect to the allegations in paragraph 27, Defendants admit only that Plaintiff seeks such relief, but deny Plaintiff is entitled to such or any other relief.

28. The allegations in the Prayer require no response. To the extent a response is required, Defendants deny Plaintiff is entitled to any relief.

29. Defendants deny each and every allegation not expressly admitted, qualified, or otherwise pleaded herein, including, but not limited to, those contained in headings, exhibits, and the prayer for relief.

## **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof, Defendants assert the following defenses:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff's recovery is barred by the defenses of unclean hands, waiver, abandonment, and acquiescence.

3. Plaintiff has failed to state a claim for recovery of attorneys' fees and costs.

4. Plaintiff's claims are barred or limited to the extent Plaintiff's damages resulted from the conduct of third parties.

5. Plaintiff's claims are barred in whole or in part by the doctrines of estoppel (in all its forms) and ratification.

6. Plaintiff's claims are barred in whole or in part because Defendants' conduct did not cause his injury or harm.

7. Plaintiff's claims are barred or limited to the extent Defendant sent correspondence required by, or Defendants' conduct was otherwise governed by, applicable statutes and regulations.

8. Plaintiff's claims and causes of action fail based on the timely tolling, rescission, waiver, and/or abandonment of any prior acceleration of the maturity of the subject note.

9. Plaintiff's claims are barred in whole or in part because he has not suffered actual damages or harm.

10. Plaintiff's claims are barred in whole or in part because he lacks standing.

11. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

12. Plaintiff's claims are barred in whole or in part by res judicata.

13. Defendants reserve the right to assert such additional affirmative defenses that are available under the facts and applicable law.

WHEREFORE, Defendants pray that Plaintiff take nothing by the Complaint, that said Complaint be dismissed with prejudice on the merits, and for such other relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ Catherine A. Curtis*

**Thomas G. Yoxall (Attorney-in-Charge)**
  State Bar No. 00785304
  S.D. Bar No. 16664
  tyoxall@lockelord.com
**Matthew K. Hansen**
  State Bar No. 24065368
  S.D. Bar No. 1046257
  mkhansen@lockelord.com
**Catherine A. Curtis**
  State Bar No. 24095708
  S.D. Bar No. 3060671
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the following via electronic mail and certified mail, return receipt requested pursuant to the Federal Rules of Civil Procedure on this 13th day of July 2018.

Julio E. Loza
P.O. Box 3355
McAllen, Texas 78502
*Pro se Plaintiff*

*/s/ Catherine A. Curtis*
Counsel for Defendants